NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LUIS MARIO ESCOBAR, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-70417 <br><br> Agency No. A205-315-344 <br><br> MEMORANDUM[*] |

On Petition for Review of an
Order of the Immigration Judge

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Luis Mario Escobar, a native and citizen of El Salvador, petitions pro se for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in El Salvador, and

is thus not entitled to relief from his reinstated removal order.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo due process challenges to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

reasonable fear proceedings. *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019). We grant the petition for review and remand.

Escobar was denied his statutory right to counsel because the IJ failed to obtain a knowing and voluntary waiver of the right. *See id*. at 470-71 (holding that non-citizens in reasonable fear review proceedings before an IJ have a statutory right to counsel); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (a "knowing and voluntary waiver of the right to counsel" requires the IJ to "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response"). Escobar is entitled to a new removal hearing even without any separate showing of prejudice. *See Zuniga*, 946 F.3d at 471; *see also Montes-Lopez v. Holder*, 694 F.3d 1085, 1093-94 (9th Cir. 2012). Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we need not reach Escobar's remaining contentions regarding his removal hearing and his reasonable fear interview.

**PETITION FOR REVIEW GRANTED; REMANDED.**